```
 1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
 2
      * * * * * * * * * * * * * * *    )
 3   UNITED STATES OF AMERICA,         )      Criminal Action
                                       )       No. 23-00032
 4                   Plaintiff,        )
                                       )
 5      vs.                            )
                                       )
 6   VICTOR SEAN DENNISON,             )      Washington, D.C.
                                       )      July 15, 2024
 7                   Defendant.        )      10:46 a.m.
                                       )
 8    * * * * * * * * * * * * * * *    )

 9

10               TRANSCRIPT OF STATUS CONFERENCE
            BEFORE THE HONORABLE TREVOR N. McFADDEN
11                 UNITED STATES DISTRICT JUDGE

12

13   APPEARANCES:

14   FOR THE GOVERNMENT:       BRENDAN BALLOU, ESQ.
                               U.S. DEPARTMENT OF JUSTICE
15                             950 Constitution Avenue, Northwest
                               Washington, D.C. 20530
16
                               ELIZABETH N. ERIKSEN, ESQ.
17                             U.S. DEPARTMENT OF JUSTICE
                               1301 New York Avenue
18                             Eighth Floor
                               Washington, D.C. 20005
19

20   FOR THE DEFENDANT:        VICTOR SEAN DENNISON
                               (Appearing Pro Se)
21

22   FOR THE DEFENDANT:        UBONG AKPAN, ESQ.
     (as standby counsel)      OFFICE OF THE FEDERAL PUBLIC
23                                DEFENDER
                               625 Indiana Avenue, Northwest
24                             Suite 550
                               Washington, D.C. 20004
25
```

```
 1      REPORTED BY:              LISA EDWARDS, RDR, CRR
                                  Official Court Reporter
 2                                United States District Court for the
                                    District of Columbia
 3                                333 Constitution Avenue, Northwest
                                  Room 6706
 4                                Washington, D.C. 20001
                                  (202) 354-3269
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

```
 1                THE COURTROOM DEPUTY:  This is Criminal Case
 2       23-32, the United States of America versus Victor Sean
 3       Dennison.
 4                Can the parties please introduce yourselves,
 5       starting with the Government.
 6                MR. BALLOU:  Good morning, your Honor.  Brendan
 7       Ballou for the United States, joined by Elizabeth Eriksen.
 8                THE COURT:  Good morning, folks.
 9                MS. AKPAN:  Good morning, your Honor.  Ubong
10       Akpan, standby counsel for Victor Dennison.
11                THE COURT:  Good morning, Ms. Akpan.
12                And good morning, Mr. Dennison.
13                THE DEFENDANT:  Good morning.
14                THE COURT:  I've reviewed the Government's motion
15       to have your ability to represent yourself revoked.
16                Mr. Dennison, is there anything you'd like to say
17       before I rule on this motion?
18                THE DEFENDANT:  I have some questions about that,
19       because --
20                THE COURT:  Sir, if you could approach the podium.
21                THE DEFENDANT:  Sure.  I apologize.  I have a few
22       documents here to grab.
23                All right.  Hi, Judge.
24                THE COURT:  Good morning, sir.
25                THE DEFENDANT:  So I'm here about my special
```

1    appearance to address the matter at hand, which -- I'm

2    trying to resolve this for a long time.  I've been trying to

3    figure out how to do that.  And I thought at one time doing

4    it by trial would be the right way to go.  But I realized

5    that, I mean, I'm actually the third-party intervenor in

6    this matter, not the Defendant.  I'm not the Defendant.

7          THE COURT:  I'm sorry.  You said you're not the

8    Defendant?

9          THE DEFENDANT:  No.  I'm not.

10          I understand the Court needs me to be the

11    Defendant to have a trial.

12          I've actually submitted some documents to resolve

13    this matter.  I know it's -- I've attempted to resolve it in

14    a private -- okay? -- a private settlement, in essence.  I'm

15    a subrogee to the Defendant, and I'm attempting to settle

16    this matter.

17          So my question is, if -- I'm attempting to settle

18    it in a private [sic].  And there's a private settlement

19    offer.  And I'm acting as subrogee.  And I have in fact

20    submitted a writ of divine abatement for exoneration, which

21    is a special deposit to discharge the debt associated with

22    this account/case.

23          As subrogee, as a third-party intervenor, I've

24    attempted to settle this sort of *ex parte* by special

25    appearance.  And I have submitted this documentation to you,

1    to the Clerk of Court.  You know, charging instruments were

2    endorsed.  Basically, from my understanding, subrogation

3    accrues upon payment of the debt, which I had done.

4         And I guess I just really need my right of

5    subrogation to be recognized by the prosecutor, to be

6    certified by the prosecutor and yourself.  And there's

7    really no controversy here.  I'm not disputing the facts.

8    I'm interested in resolving this matter.  And I -- I feel

9    kind of silly that I've taken this long to figure out what

10   it is that you guys need from me, because I didn't

11   understand.  I haven't understood.

12        And my apologies for any disruptiveness in the

13   past, because I just have not understood any of this.  I

14   didn't know why I was here, and it was upsetting to me.  But

15   I'm attempting to just resolve this and to move on with my

16   life.

17        Subrogation, from what I understand, has to do

18   with equity.  It has to do with having the highest equitable

19   claim to my estate, which is the Defendant, is my estate.

20   It's not me; it's an estate.

21        And so I just -- I would like to -- I would like

22   to speak with you in a private regarding this.  It is a

23   private matter.  I have submitted charging instruments that

24   have been given consideration.  There's collateral involved.

25   These items are attached to a public lien.  There's an

1    actual lien that has all of this in it.

2            I have done a motion to release the subrogee from

3    detention, which is me.  And I have an order to release, if

4    you would sign off on it.  That would make my day.  It would

5    make my week.  It's my birthday this week.  I'm trying to

6    just handle this, take responsibility for everything, just

7    get it done now.

8            Yeah.  And if you could look that over, that would

9    be amazing.

10           So can I speak for myself?  Can I represent

11   myself?  That's the question.

12           I mean, I think I'm more than capable of doing

13   that.

14           It's just -- I just don't think that the trial is

15   something that makes sense at this point, as there's a

16   private settlement offer on the table.  No controversy.

17   There's just -- I just don't see why I'm here and why we're

18   not talking about the resolution in private.

19           THE COURT:  Thank you, sir.  You may have a seat.

20           THE DEFENDANT:  Thank you.

21           THE COURT:  Before the Court is the Government's

22   motion to terminate *pro se* representation, ECF 36.

23           I intend to grant that motion for the following

24   reasons:  Mr. Dennison was arrested last year in connection

25   with his alleged conduct at the Capitol on January 6th,

1    2021.

2            For most of this case, Mr. Dennison has

3    represented himself with standby counsel.  Last June,

4    Mr. Dennison's case was called for trial, but he never

5    appeared.  So the Court issued a bench warrant for his

6    arrest, which sparked a ten-month effort to apprehend him.

7            Mr. Dennison was arrested again this April, and

8    his case has been recalendared for trial in August.  Citing

9    the Defendant's history of obstructing proceedings, the

10   Government now moves to terminate his representation.

11           As a general rule, a criminal defendant has a

12   right under the Sixth Amendment to conduct his own defense.

13   I'm looking to *United States versus Williamson*, 2014 Westlaw

14   12695379, at *5 from this Court on October 16th, 2014.

15           But this right comes with an important caveat;

16   namely, a trial judge may terminate a Defendant's

17   self-representation if the Defendant deliberately engages in

18   serious and obstructionist misconduct.  I'm looking to that

19   same page, which is quoting *Faretta versus California*, 422

20   U.S. 806, Page 834 from Note 46 from 1975.

21           As the Supreme Court previously put it, quote,

22   "The right to self-representation is not a license to abuse

23   the dignity of the courtroom," closed quote, from *Faretta*,

24   again, Note 46.  Nor is it a license not to comply with the

25   relevant rules of procedural and substantive law, from that

1    same footnote.

2          So in this circuit, quote, "A *pro se* defendant may

3    waive the right to represent himself if he refuses to obey

4    the Court's directions or if he persists in raising

5    irrelevant matters, in which case the Court may appoint

6    counsel to take over the representation."  And that's again

7    from *Williamson*, *5, Note 8, which looks to *United States*

8    *versus Dougherty*, 473 F.2d 1113, Pages 1125 and 26, from the

9    D.C. Circuit in 172.

10          I find that Mr. Dennison has repeatedly engaged in

11   serious and obstructionist misconduct and repeatedly raised

12   irrelevant matters, which warrants the termination of his

13   ability to represent himself.

14          Most notably, of course, the Defendant failed to

15   appear for his own trial and fled capture for nearly a year.

16          When he has appeared, his participation has

17   largely been limited to extreme obstructionist behavior.

18   During his initial arraignment last February, Mr. Dennison

19   refused to leave the audience section of the courtroom and

20   approach counsel table so that we could proceed with the

21   arraignment; and he didn't cooperate with the arraignment

22   proceedings.  His behavior was so obstructive and disruptive

23   that the Court ordered him removed from the courtroom.  I'm

24   looking to ECF No. 33, the transcript, Page 4, Lines 15 to

25   25, from February 17th, 2023.

1          Again, a few months ago, the Court ordered him

2     removed during his rearraignment on the superseding

3     information in May.  I'm looking to the minute order from

4     May 23rd, 2024.

5          His comments on the record have been perplexing,

6     uncooperative and belligerent.  At his initial arraignment,

7     he refused to plead guilty, saying, quote, "I am a child of

8     God.  I do not consent.  I am a beneficiary of the trust."

9     I'm looking to the transcript at Page 4, Lines 15 to 23, ECF

10    No. 33.

11         He said similar things during his last appearance.

12         Today, he said that he's a third-party intervenor,

13    that he's not the Defendant and that he does not understand

14    what's going on.

15         His filings are incomprehensible.  Examples

16    include, quote, "The United States is a legal fiction

17    bringing an action against a living man.  The living man,

18    victor-sean of the house and lineage of dennison, bears

19    witness that he is not a legal fiction, but is of flesh and

20    blood.  Only a living man or woman can bring an accusation

21    or a claim against another living man or woman," closed

22    quote, ECF No. 29 at Page 8.

23         Again, "No lawful contract meeting the eight

24    elements has been brought forth.  Victor-sean of the house

25    and lineage of dennison has presented ample evidence of his

1   standing and testifies to the fact he does not consent to

2   being the surety for the legal fiction Sean Dennison," ECF

3   No. 29, Page 9.

4        Again, "Let it be known that I, victor-sean of

5   dennison, the living, breathing man created by the most high

6   God, beneficiary, trust protector, am not to be confused

7   with the legal fiction known as victor-sean dennison trust,"

8   ECF No. 24, Page 3.

9        Again, "I need to ask you, how can Judge McFadden

10   lawfully issue forth a bench warrant after the Court has

11   already received, obtained and has custody of the

12   surrendered legal person?  And wouldn't any actions against

13   the trust be a war crime?  Are you trying to compel the

14   beneficiary to put his life in danger?"  From ECF 23,

15   Page 1.

16        Mr. Dennison has routinely sought to make other

17   filings that are similarly incomprehensible and irrelevant

18   to the case and are consistent with sovereign citizen

19   activities.  I'm looking to ECF Nos. 37, 38 and 39.

20        In sum, Mr. Dennison's obstructionist conduct and

21   sovereign citizen theories make it impossible to conduct an

22   orderly trial with him representing himself.

23        I think I'm just -- we've seen today Mr. Dennison

24   has not been loud or disruptive, but he is saying he does

25   not understand what's going on.  He does not engage with the

1    pretty straightforward legal question of whether he is

2    willing to and can represent himself and says that he sees

3    this as a private matter that should be decided in private.

4              For all these reasons, the Court will --

5              THE DEFENDANT:  I'd just like to interject.

6              THE COURT:  Sorry, sir.

7              THE DEFENDANT:  It's self-evident that I can

8    represent myself.

9              THE COURT:  Mr. Dennison, I'm talking now.

10             The Court will terminate Mr. Dennison's ability to

11   represent himself and will appoint Ms. Akpan to represent

12   him at trial.  This course of action accords with the weight

13   of circuit law.  For example, in *United States versus*

14   *Mosley*, the Eighth Circuit affirmed the termination of

15   self-representation where the Defendant relied on sovereign

16   citizen rhetoric and engaged in obstreperous conduct.  I'm

17   looking to 607 F.3d 555, Page 559, from 2020.

18             In *United States versus Brock*, the Seventh Circuit

19   similarly affirmed the termination of self-representation

20   rights where the Defendant's conduct, quote, "made it

21   practically impossible to proceed," closed quote, from 159

22   F.3d 1077, at Page 1080, from 1998.

23             And in *United States versus Hausa*, the Second

24   Circuit reached the same conclusion where the Defendant

25   hummed and screamed and rambled incoherently, 922 F.3d 129,

1    Page 136, from 2019.

2            I want to make clear that I am not terminating

3    Mr. Dennison's rights simply because of his sovereign

4    citizen ideology.  People who invoke this ideology have the

5    same right as anyone else to represent themselves.  I'm

6    looking to *Faretta*, Page 835.

7            The problem here is that Mr. Dennison has

8    repeatedly obstructed this proceeding by failing to appear,

9    engaging in disruptive conduct when he has appeared in court

10   and filed paperwork that is entirely irrelevant to the

11   proceeding.

12           For these reasons, I'm granting the Government's

13   motion to terminate Mr. Dennison's *pro se* representation.

14           I certainly will say, Mr. Dennison, to the extent

15   you want to resolve this, Ms. Akpan is a very experienced

16   lawyer who works regularly in this court and with the

17   Government and can certainly help you reach a resolution if

18   you want.  And of course, it is entirely your decision

19   whether or not to plead guilty or to go to trial.  But we've

20   got a trial date set.  We've got intermediate filing

21   deadlines.

22           Mr. Ballou, anything else we should be discussing

23   today?

24           MR. BALLOU:  Nothing, your Honor.

25           THE COURT:  Ms. Akpan?

1          THE DEFENDANT:  I just want to say, I would be

2     appealing that decision.

3          THE COURT:  That's fine, sir.

4          THE DEFENDANT:  And I guess she'll assist me in

5     that.

6          I have a notice of revocation of assumed POA.  She

7     says you guys forced her to be here.  I don't understand

8     that.

9          THE COURT:  I did require her to be here.

10          THE DEFENDANT:  Yeah.

11          THE COURT:  Ms. Akpan --

12          THE DEFENDANT:  Can you show me the signature

13     where I agreed to that?

14          THE COURT:  Sir, you're demonstrating what I just

15     described as obstructionist.

16          THE DEFENDANT:  That's fine.  I have rights,

17     though.  I don't understand how it is that I can be forced

18     to have an attorney -- she says she's not an attorney, but

19     she works for an attorney's office -- when I have

20     documentation where I've expressed that I represent myself.

21     I have full regis [sic] and all rights of self.  Therefore,

22     I --

23          THE COURT:  You are not helping yourself with your

24     appeal, sir.

25          THE DEFENDANT:  I've rebutted all 12 presumptions

```
1    of court.  They do stand as truth in law.  They have not

2    been rebutted.

3              THE COURT:  Sir, please let Ms. Akpan --

4              THE DEFENDANT:  I just don't understand how you

5    guys can --

6              THE COURT:  I'm going to direct you to be quiet or

7    I'm going to ask for you to be removed.

8              THE DEFENDANT:  Okay.  I have filed a motion to

9    release --

10             THE COURT:  Marshals, please remove Mr. Dennison.

11             THE DEFENDANT:  Because I said subrogee?

12             I think this is obstruction of justice.

13             (Thereupon, the Defendant retired from the

14   courtroom and the following proceedings were had:)

15             THE COURT:  Ms. Akpan.

16             MS. AKPAN:  Thank you, your Honor.

17             Just for the record, I did address this one matter

18   with the Government.

19             I was going to ask the Court if we could start the

20   trial date on the 27th.  I have a conflict on the 26th.  I

21   understand the Government is expecting a three-day trial.

22   And I did discuss that issue with Mr. Dennison, and he

23   didn't have an issue with that as well.

24             We expected the case would resolve that week.  I

25   understand that the Government --
```

```
 1                THE COURT:  You're looking to postpone?

 2                MS. AKPAN:  Just one day, your Honor.

 3                THE COURT:  You're okay with that?

 4                MR. BALLOU:  No objection.

 5                THE COURT:  I will grant that motion to continue.

 6     We'll start at 9:00 on Tuesday, August 27th.

 7                Anything further, Ms. Akpan?

 8                MS. AKPAN:  No, your Honor.  Thank you.

 9                THE COURT:  Thank you for your help.

10                Thanks, folks.  We've got a pretrial conference, I

11     think, before then.  Yes.  On the 22nd.  I'll see you all

12     then.

13                MS. AKPAN:  If it's possible, I know that once the

14     marshals take him down I'm not going to be able to see him.

15     If I could see him in the back.

16                THE COURT:  Yes.  Absolutely.

17                MS. AKPAN:  Thank you.

18                (Proceedings concluded.)

19

20

21

22

23

24

25
```

1                          **<u>CERTIFICATE</u>**

2

3                    I, LISA EDWARDS, RDR, CRR, do hereby

4       certify that the foregoing constitutes a true and accurate

5       transcript of my stenographic notes, and is a full, true,

6       and complete transcript of the proceedings produced to the

7       best of my ability.

8

9

10                   Dated this 10th day of October, 2024.

11

12              <u>/s/ Lisa Edwards, RDR, CRR</u>
                Official Court Reporter
13              United States District Court for the
                 District of Columbia
14              333 Constitution Avenue, Northwest
                Washington, D.C. 20001
15              (202) 354-3269

16

17

18

19

20

21

22

23

24

25