```
1                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
2
    * * * * * * * * * * * * * * *   )
3   UNITED STATES OF AMERICA,       )       Criminal Action
                                    )        No. 23-00032
4                   Plaintiff,      )
                                    )
5       vs.                         )
                                    )
6   VICTOR SEAN DENNISON,           )       Washington, D.C.
                                    )       February 7, 2023
7                   Defendant.      )       1:43 p.m.
                                    )
8   * * * * * * * * * * * * * * *   )

9

10             TRANSCRIPT OF INITIAL APPEARANCE
         BEFORE THE HONORABLE ROBIN M. MERIWEATHER
11            UNITED STATES MAGISTRATE JUDGE
         (TRANSCRIBED FROM THE FTR-GOLD RECORDING)

12

13

    APPEARANCES:
14
    FOR THE GOVERNMENT:      FREDERICK YETTE, ESQ.
15                           UNITED STATES ATTORNEY'S OFFICE
                               FOR THE DISTRICT OF COLUMBIA
16                           601 D Street, Northwest
                             Washington, D.C. 20530
17

18  FOR THE DEFENDANT:       BLAKE EATON, ESQ.
                             REMY BOGNA, ESQ.
19                            FEDERAL DEFENDERS OF SAN DIEGO,
                              INC.
20                           225 Broadway
                             Suite 900
21                           San Diego, California 92101

22

    FOR PRETRIAL SERVICES:   KATRINA STANFORD
23

24

25
```

1     REPORTED BY:                    LISA EDWARDS, RDR, CRR
                                      Official Court Reporter
2                                     United States District Court for the
                                        District of Columbia
3                                     333 Constitution Avenue, Northwest
                                      Room 6706
4                                     Washington, D.C. 20001
                                      (202) 354-3269
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1              THE COURTROOM DEPUTY:  This is Criminal Case
 2   23-32, the United States of America versus Victor Dennison.
 3   The Defendant is present by video.  And this matter is set
 4   for a first appearance in the District.
 5              Parties, please introduce yourselves for the
 6   record, starting with the Government.
 7              MR. YETTE:  Good afternoon, your Honor.  Fredrick
 8   Yette standing in for Brendan Ballou for the Government.
 9              THE COURT:  Good afternoon.
10              MR. EATON:  Good afternoon, your Honor.  Blake
11   Eaton, Federal Defenders of San Diego, along with my
12   colleague, Remy Bogna, on behalf of Mr. Dennison.
13              We've been appointed.  We were appointed in the
14   Southern District of California and are requesting
15   appointment here as well.
16              I believe Mr. Dennison may also be requesting
17   permission to represent himself.  I'll allow him to do so if
18   he wants to make that request.
19              MS. BOGNA:  And Remy Bogna, confirming everything
20   that Mr. Eaton said.
21              THE COURT:  Thank you.
22              THE PRETRIAL SERVICES OFFICER:  Good afternoon,
23   your Honor.  Pretrial Services Officer Katrina Stanford on
24   behalf of PSA for the District of Columbia.
25              THE COURT:  Thank you.
```

1          Mr. Dennison, your mic is muted.

2          THE DEFENDANT:  Can you hear me?

3          THE COURT:  Yes.

4          THE DEFENDANT:  Okay.  This is Victor

5  [indiscernible] Sean Olan Dennison.  I'm basically a

6  beneficiary.  I'm not -- I'm not the alt-abstain (phonetic)

7  that's being represented here.

8          The attorneys, while I appreciate their help

9  initially, I am declining their further service from this

10 matter or any other attorneys being assigned to my case.

11 I'll be representing myself as an agent to the -- to the

12 trust, and not the trust itself, just to be clear.

13          THE COURT:  What do you mean by "agent to the

14 trust"?

15          THE DEFENDANT:  Well, it's my understanding that

16 this entire matter is being attached to my trust and that

17 there's a bond and they're holding my body as a security, as

18 a surety, against that bond.  I find this all very confusing

19 and concerning once I learned about this.

20          But, you know, the fraudulent -- these claims are

21 fraudulent on its face.  And the burden of proof is so

22 extremely high for the prosecution to establish any evidence

23 or proof of the things I'm being charged of -- for, which

24 are only alleged things.  They're not -- like I said first,

25 crimes of trespassing, various forms of disorderly conduct.

1              And, you know, I'm a human.  I'm the beneficiary

2      and a sovereign.  I'm illegally detained and in

3      [indiscernible].  I will [indiscernible] maritime military

4      tribunal in a succession of times which she violated my due

5      process -- and [indiscernible] I am referring to the

6      all-caps in a case Victor Sean Dennison -- you know,

7      violated my constitutional rights under California and

8      United States Constitution.

9              The security instrument that supposedly generates

10     that a trust, all caps, Victor Sean Dennison, was alleged of

11     committing, you know, these crimes of trespassing and

12     disorderly conduct.  It's fraudulent charges.

13             But I am in fact Victor hyphen Sean colon

14     Dennison, beneficiary.  The filing should indicate as such.

15             And the trespassers in a fraudulently manner are

16     attempting to make -- or have made me the pseudo-trustee for

17     the trust, Victor Sean Dennison, knowing full well that I

18     cannot be both beneficiary and trustee of the same trust at

19     the same time in order for them to fraudulently access its

20     corpus/assets and inflict punishment on me fraudulently,

21     making me its fiduciary, knowing full well that all public

22     officials, including the courts, are the trustees.

23             And this document, this -- it's witness -- this

24     Court is witness to their fraud and the fraud of the Court,

25     as this document is a contract.  And I'm forced to address

1  this commercial transaction by this avenue with no other

2  recourse.

3         The trespasser policy scheme would create a trust,

4  no [indiscernible] beneficiary, thereby they could

5  fraudulently use me to gain access to the corpus/assets of

6  the trust, Victor Sean Dennison, all caps, and conspire to

7  trick me into an additional payment of your ransom,

8  receiving more than twice the payment.  And there would

9  appear to be a logical conclusion in relation to their

10  actions in this matter.

11         This is a common-law *habeas corpus* writ of

12  error -- writ of injunction and affidavit of complaint.  I

13  am the Plaintiff at law, not the Defendant.  And I am

14  unclear or unsure as to who the real parties are.  And there

15  needs to be clarification in any order issued by this

16  jurisdiction.

17         But this *habeas corpus* writ of injunction is an

18  affidavit of criminal complaint, AOCC, without prejudice to

19  this *habeus corpus* writ of injunction and affidavit of

20  complaint is filed in the San Diego County because it is the

21  place closest to the installation where I am illegally

22  detained, although San Diego County is where this state of

23  California committed fraud, treason and obstruct of justice,

24  that I state that San Diego County is also a maritime

25  admiralty jurisdiction.  Therefore, it's not proper in

1    accordance with your TCAs, a sure text of 29-21-105 to file

2    said *habeus corpus* writ of injunction in Washington, D.C.,

3    or other [indiscernible].

4            MR. YETTE:  Your Honor, may I interject?

5            THE DEFENDANT:  If you don't mind, I would like to

6    finish this.

7            San Diego tribunal committed the same crime in San

8    Diego.  I would have no other recourse unless sufficient

9    reason is shown to file this *habeus corpus* in this Court in

10   accordance with your TCA 529-21-105.

11           And I assert that the sentence that are -- you

12   know, the charges or any sentencing imposed on the trust and

13   not the beneficiary of the trust, the beneficiary being

14   Victor hyphen Sean colon Dennison with no legal, void on its

15   face, and that San Diego County's alleged charges, the Court

16   possesses all relevant records and retains the authority to

17   correct the illegal sentence at any time constituting

18   sufficient reason for me to file this writ of injunction

19   common-law filing in the San Diego County has sentenced me,

20   rather than in D.C. or any other counties that require it by

21   statute.

22           THE COURT:  Mr. Yette, before you interject, I do

23   have a question for Mr. Eaton or Ms. Bogna.  I don't know if

24   you're familiar with this.  But from my notes, it looks like

25   there was something -- some kind of affidavit of foreign

1    status that was filed in California.

2              THE DEFENDANT:  Correct.

3              THE COURT:  Is that -- but I don't have a copy of

4    it.  I've been trying to see if I have -- does that have

5    something to do with these statements that Mr. Dennison has

6    been reciting for the last few minutes?

7              MS. BOGNA:  Yes, your Honor.  I can provide some

8    clarity on that.

9              THE DEFENDANT:  I'll speak for myself, if you

10   don't mind.

11             I do not wish --

12             THE COURT:  Mr. Dennison, I actually have a

13   question for the attorneys, and I am going to hear from them

14   so that I can understand what was done in the other

15   jurisdiction.

16             Thank you.

17             THE DEFENDANT:  Okay.  So you're denying me the

18   represented --

19             THE COURT:  I'm not denying you anything.  I

20   haven't decided whether you're capable of representing

21   yourself.  I will have to coordinate with the district judge

22   on whether that's a decision that he wants me to make or he

23   wants to make himself.

24             But I'm just also trying to understand

25   procedurally what happened in the other jurisdiction.  And

1    the attorneys are better equipped to explain that to me in a

2    manner that I can understand.

3              THE DEFENDANT:  Okay.  I'm a sovereign of Florida

4    and I did file the affidavit of foreign status.

5              With regards to my change of -- basically, from a

6    U.S. citizen, a, quote, "U.S. citizen" as per the various

7    tax codes that would -- that would define that; for

8    instance, Internal Revenue Code 26 USC and/or Title 27, and

9    the rules and regulations promulgated thereunder.

10   Therefore, due to being -- the affiant, me, was not born and

11   naturalized in the, quote, "United States," unquote.

12             I was born in Florida as a sovereign.  Not a

13   citizen of the United States nor a United States citizen or

14   as those terms are defined in those codes that I mentioned.

15             THE COURT:  I will just --

16             THE DEFENDANT:  By virtue of the [indiscernible]

17   I'm holding here from Florida.  Okay?  This actually is all

18   the proof that I need of that.

19             THE COURT:  Mr. Dennison, Mr. Dennison, I would

20   like to hear from Ms. Bogna about what was filed in the

21   other court.  Thank you.

22             MS. BOGNA:  I will just say we did have an

23   identification hearing here in the Southern District of

24   California.

25             THE COURT:  Yes.

1              MS. BOGNA:  And during that hearing, Mr. Dennison

2       handed me the document that he had handwritten called an

3       affidavit of foreign status.  It does pertain to his beliefs

4       as a sovereign citizen.  And the document as I understand it

5       lays out the groundwork for him claiming sovereign

6       citizenship status.  He asked the judge to consider it

7       during the identification hearing.

8              THE COURT:  Okay.  But --

9              THE DEFENDANT:  Just as a point -- and I

10      appreciate what she just said.  However, this term is

11      actually an oxymoron.  One can be -- cannot be a sovereign

12      and a citizen.  One can only be a sovereign or a citizen.

13             So this term is misappropriately used to describe

14      what I am.  I am a sovereign.  I am not a U.S. citizen.  I'm

15      not a citizen at all.  I'm a nonresident alien by the IRS's

16      definition of it, born on the land in Florida.

17             My parents were sovereigns.  I only recently

18      discovered this nuance, these things that started -- the

19      word tricks that are used to change -- to change your

20      rights, to change your status and to hold you as really an

21      employee to the United States itself, which is a

22      corporation, not a government.

23             Now, these are all -- these are all things that I

24      recently discovered through hundreds of hours of research

25      and discovery.

```
 1              And I'm 48 years old.  I don't think -- it
 2     shouldn't be that hard to figure these things out, but it's
 3     kept from us intentionally, apparently.  And that's
 4     unfortunate.
 5              THE COURT:  Thank you, Mr. Dennison.
 6              Mr. Yette?  You had asked to interject some time
 7     ago.
 8              MR. YETTE:  Well, the interjection time is over.
 9              But I was just going to say, your Honor, that
10     obviously you would have to make a decision or defer or
11     confer with the assigned district judge to see whether he
12     wants to make this decision or not.
13              But I would just suggest that everything
14     Mr. Dennison has said points out why he should not represent
15     himself.  And the Court should deny that request.
16              THE DEFENDANT:  That would be convenient for you,
17     wouldn't it?
18              MS. BOGNA:  Mr. Dennison, at this time I would
19     advise you to just listen to the judge as she makes her
20     decisions.
21              THE COURT:  I know -- so I would continue this to
22     Thursday so that I can figure it out.  But it looks like
23     Judge McFadden has set a hearing for Thursday morning.  So
24     if I set this for Thursday at 1:00, that would be after his
25     hearing.
```

1          I guess I have two options.  I could continue this

2     for -- until a little bit later this afternoon and try to

3     reach Judge McFadden in the interim to find out if this is

4     something he wants to handle or he wants me to handle, or I

5     could set this over for tomorrow, sometime tomorrow.

6          MR. YETTE:  Yeah, your Honor.  I will be out of

7     the office tomorrow, but I think Mr. Ballou is actually

8     online.  And it's his case.  So if he's available, if you

9     decide to continue it tomorrow...

10         THE DEFENDANT:  I think Mr. Yadden [sic] doesn't

11    know whether I apologize for appointing on short notice, but

12    yet we'd be happy to speak either this afternoon or

13    tomorrow, as you prefer.

14         THE COURT:  And, Ms. Bogna and Mr. Eaton, I don't

15    know if you need to confer with Mr. Dennison or I'll just --

16    if I should just ask you separately.  We can give you a

17    breakout room if you want to talk to him or, you know,

18    offline.

19         MR. EATON:  If you'd be able to give us a breakout

20    room, we would appreciate that, your Honor.

21         THE COURT:  Okay.  Thank you.

22         (Pause in the audio recording.)

23         MR. EATON:  Thank you for your patience, your

24    Honor.  We're back.

25         THE COURT:  Okay.  Thank you.

1           Mr. Eaton or Ms. Bogna, do you have a sense of

2     whether tomorrow might be a time that -- where I might be

3     able to continue this to tomorrow afternoon?

4           MR. EATON:  Your Honor, I think if it's possible

5     for your Honor to consult with the district judge and return

6     to this later today, that would be preferable just because

7     of the multiple hearings in the same week.  It's difficult

8     with Mr. Dennison's work schedule.

9           THE COURT:  Okay.  Mr. Yette, if I put this out to

10    resume at 3:30 today, would that work for you?

11          MR. YETTE:  Yes.  That's fine, your Honor.

12          THE COURT:  Okay.  I will -- and does 3:30 work

13    for Mr. Dennison, Mr. Eaton and Ms. Bogna?

14          MR. EATON:  Yes, your Honor.

15          THE COURT:  Okay.  Thank you.  I have reached out

16    to the chambers of the district judge and hopefully I will

17    hear back before 3:30.

18          But I will continue this hearing until 3:30

19    Eastern time today.

20          It should be the same Zoom information.  Thank

21    you.

22          MR. EATON:  Perfect.  Thank you, your Honor.

23          THE COURT:  Okay.  Thank you.

24          THE PRETRIAL SERVICES OFFICER:  Your Honor?

25          THE COURT:  Yes.

1          THE PRETRIAL SERVICES OFFICER:  Is it possible for

2     Pretrial to ask for clarification in regards to

3     Mr. Dennison's address?  PSA was advised that he was

4     residing in Los Angeles, but he stated he was in San Diego.

5     Is it possible to know where he's at so we can do the

6     courtesy -- for courtesy supervisional purposes?

7          THE COURT:  Is that something that --

8          THE PRETRIAL SERVICES OFFICER:  We have a

9     Los Angeles address and he said he stays in San Diego, so we

10    were trying to see where he currently resides for the

11    paperwork process.

12         THE DEFENDANT:  Yeah.  It's the San Diego one.

13    The mailing address was the LA one only.

14         THE PRETRIAL SERVICES OFFICER:  Thank you.

15         THE COURT:  All right.  Thank you.

16         Ms. Stanford, is that the information you needed?

17         THE PRETRIAL SERVICES OFFICER:  Yes, your Honor.

18    Thank you.

19         THE COURT:  Thank you.

20         This matter is continued to 3:30 p.m.  And we're

21    all excused until then.  Thank you.

22         MS. BOGNA:  Thank you, your Honor.

23         MR. EATON:  Thank you, your Honor.

24         (Pause in the audio recording.)

25         (TRANSCRIBER'S NOTE:  The audio recording of the

1    afternoon session began subsequent to the beginning of the

2    proceedings as follows:)

3            THE COURT:  -- a Class A misdemeanor.  So the

4    arraignment would actually need to be done before the

5    district judge unless the Defendant is consenting to proceed

6    before a magistrate judge on all -- on the case in its

7    entirety.  That is an idiosyncrasy of the rules.  So I would

8    not be doing the arraignment today, regardless of the

9    question of appointment.

10           So I will alert Judge McFadden's chambers that

11   that is -- an arraignment on the information is something

12   that also remains outstanding.

13           With respect to conditions of release, Mr. Yette,

14   is the Government recommending any conditions in this case?

15           MR. YETTE:  Your Honor, we would recommend the

16   standard conditions we outlined earlier in the joint

17   proceeding.

18           In addition, based on the Pretrial Services

19   report, that he not use or illegally possess a narcotic drug

20   or other controlled substance unless prescribed by a

21   licensed medical practitioner.

22           And so I leave it to Pretrial to seek any others.

23           THE COURT:  Pretrial, do you wish to be heard

24   regarding conditions of release?

25           THE PRETRIAL SERVICES OFFICER:  Yes, your Honor.

1          Pretrial respectfully requests the Court to add

2    the Defendant must legally transfer all firearms as directed

3    by Pretrial Services; the Defendant must not use or possess

4    marijuana under any circumstances; the Defendant must advise

5    the Court or the Pretrial Services Office in writing of the

6    Defendant's current residence address and phone number when

7    first reporting to Pretrial Services and any new contact

8    information before making any change of residence; not

9    obtain a passport or other international travel document;

10   clear all warrants, FPAs and pay all fines as directed by

11   the Pretrial Services Office; surrender all passports to

12   PSA.

13          The Defendant's travel is restricted to San Diego

14   County, Imperial County, D.C. -- my apologies -- in the

15   Central District of California.

16          In the Southern District of California, I would

17   like the Defendant to report to 333 West Broadway, Suite

18   600, San Diego, California, ZIP code 92101 on Friday,

19   February the 10th, at 10:00 a.m. Pacific Standard Time.

20          And that's all, your Honor.

21          THE COURT:  And is Pretrial requesting that he

22   have to get permission from Pretrial Services to travel

23   outside of San Diego County, Imperial County and the Central

24   District of California?  Or are you asking that he give

25   Pretrial notice if he travels outside of those areas?

```
 1              THE PRETRIAL SERVICES OFFICER:  The Southern

 2    District of California is asking for him to remain in those

 3    areas.  His travel is restricted to those areas at the

 4    request of the Southern District of California.

 5              THE COURT:  Okay.  So -- but if he wanted to

 6    travel outside of those areas, what would Pretrial be asking

 7    for the procedure that he would have to follow?

 8              THE PRETRIAL SERVICES OFFICER:  Advance notice,

 9    your Honor.

10              I'm sorry, your Honor.  I forgot to add one more

11    thing.  The Defendant is not to enter Mexico.

12              That's all, your Honor.  My apologies.

13              THE COURT:  Mr. Eaton and Ms. Bogna, are you

14    making arguments on -- regarding release conditions?  Is

15    Mr. Dennison making arguments?  Or some combination of the

16    two of you?

17              MR. EATON:  Your Honor, I believe we can make

18    arguments at this time.

19              THE COURT:  Okay.  Yes.  So this would be a good

20    time for any objections you have to any of these conditions

21    that are being recommended.

22              MR. EATON:  Yes.  And we don't have any

23    objections.

24              I wanted to make sure that the order is clear

25    regarding who needs -- who he needs to get advance notice to
```

1    regarding travel.  Unless I misheard, Pretrial Services was

2    indicating that he needs to give advance notice.  Is that to

3    Pretrial or did they envision notice to the Court?

4            THE COURT:  Ms. Stanford?  Which were you

5    requesting?

6            THE PRETRIAL SERVICES OFFICER:  Pretrial Services

7    for the Southern District of California.

8            MR. EATON:  No objections to the other conditions

9    that were raised.

10           THE COURT:  Okay.  Thank you.

11           Mr. Yette, did you have anything else on release

12   conditions?

13           MR. YETTE:  No, your Honor.  Thank you.

14           THE COURT:  Okay.  Based on my review of the

15   record, which includes Pretrial reports from California and

16   from this Court and statements made today, I find the

17   conditions of release being recommended by the United States

18   and Pretrial Services are appropriate and adequate to ensure

19   Mr. Dennison's appearance in court as directed.

20           Those are the standard conditions that were

21   outlined by Mr. Yette earlier in this afternoon's hearing,

22   in addition to the requirements requested by Pretrial,

23   which -- and Mr. Yette, which would be that Mr. Dennison not

24   use illegal drugs or controlled substances without -- unless

25   prescribed by a licensed medical practitioner.

1          That includes also a requirement that he not use

2     or possess marijuana, with the requirement that he transfer

3     any firearms in the manner described by Ms. Stanford on the

4     record; that he give Pretrial Services written notice of his

5     address and phone number; that he surrender any passports;

6     that he not travel outside of the following areas without

7     giving notice to Pretrial Services or the Southern District

8     of California in advance.  Those areas are:  San Diego

9     County, Imperial County, Washington, D.C. and the Central

10    District of California.

11          And that, I guess, operates in tandem with the

12    general standard condition about travel restrictions of

13    notice to the Court.  So it looks like we've expanded the

14    number of areas within which he can travel without advance

15    notice to Pretrial.

16          THE DEFENDANT:  I believe, Judge, there's also

17    included that travel between those areas as well, because it

18    may be by vehicle.

19          THE COURT:  Yes.  That's fine.  That would include

20    travel between those destinations.  It wouldn't make sense

21    to not be able to travel between them if you're allowed to

22    go to them or be in them.

23          THE DEFENDANT:  Thank you.

24          THE COURT:  And then that there's -- no travel is

25    allowed outside of the continental United States, which

1 would also include Mexico as being someplace where no one is

2 allowed unless you get court approval to travel in those

3 areas.

4     THE DEFENDANT:  And I have one other note with

5 regards to firearms transfer.

6     I don't have possession of such.  So I don't know

7 how I could do this.

8     THE COURT:  Okay.  So that would just be if you

9 possess any firearms in your home, you need to turn them

10 over.  But if you do not, then the condition is just that

11 you not possess any firearms.

12     THE DEFENDANT:  Right.  And I don't do drugs, so

13 that other -- I'm quite clean of anything of that nature.

14     THE COURT:  Okay.  Well, that's good, too.  Then

15 that's a condition that you don't have to worry about being

16 in jeopardy of violating.

17     Mr. Eaton, did you want me to repeat or explain

18 any of these conditions to Mr. Dennison?

19     MR. EATON:  No, your Honor.  I believe we've

20 covered everything.

21     THE COURT:  Thank you.

22     Mr. Dennison, did you have any question about --

23 any other questions about the conditions or do you need me

24 to clarify anything?

25     THE DEFENDANT:  I do -- well, I don't -- I have a

1    question on, I guess, the phone number.  I do have a new

2    phone number.  So I can provide that.

3            THE COURT:  Okay.  You don't need to give that

4    orally right now, because there is a public line.  I don't

5    want you to put your phone number out there for public

6    consumption.

7            THE DEFENDANT:  Thank you.

8            And I guess, yeah, I'm just not clear on how -- to

9    clear warrants and fines.  I don't know what that means.

10   Can you explain what that means, clearing warrants and

11   fines?

12           THE COURT:  If there are any outstanding warrants

13   for your arrest from another court that you're aware of or

14   that -- then you would need to essentially turn yourself in

15   on those warrants.  That's what it would mean.  To clear any

16   outstanding warrant.  Or if there are any fines that you owe

17   that haven't been paid, you're to pay those fines.

18           THE DEFENDANT:  I'm not aware of any of those.

19   That's what I was trying to clarify, I guess, if there were

20   such.  But I'm not aware --

21           THE COURT:  I don't have any information about

22   there being any -- there's nothing that I'm aware of.  That

23   doesn't mean that there aren't any, but I'm not aware of

24   any.

25           THE DEFENDANT:  Okay.

```
 1                    MR. EATON:  And Mr. --

 2                    THE PRETRIAL SERVICES OFFICER:  PSA would note

 3          that the Southern District of California reports that

 4          there's a traffic failure-to-appear warrant coming from

 5          Tennessee on the charge of driver was not licensed

 6          commercially.  And that occurred on January 8th, 2021,

 7          according to the DMV records, your Honor.

 8                    THE DEFENDANT:  That --

 9                    MR. EATON:  Mr. Dennison, we can discuss that and

10          you can consult with Pretrial Services here in San Diego to

11          figure that out, whatever we need to do on that.  Does that

12          sound all right?

13                    THE DEFENDANT:  Sure.  Yeah.  I'm not even aware

14          of that.  But okay.

15                    THE COURT:  Okay.  Thank you.

16                    THE PRETRIAL SERVICES OFFICER:  Your Honor?

17                    THE COURT:  Yes.

18                    THE PRETRIAL SERVICES OFFICER:  I'm sorry.  I just

19          wanted to reiterate to Mr. Dennison that the Southern

20          District of -- Southern District of California wants him to

21          report in person at 333 West Broadway, Suite 600, San Diego,

22          California 92101 Friday, February the 10th, at 10:00 a.m.

23          for further reporting instructions, your Honor.

24                    THE COURT:  That's 10:00 a.m. in California time?

25                    THE PRETRIAL SERVICES OFFICER:  Yes, your Honor.
```

1    Pacific Standard Time.  Yes, your Honor.  That is correct.

2             THE DEFENDANT:  Sorry.  What was the date?

3    Friday?

4             THE PRETRIAL SERVICES OFFICER:  Friday, February

5    the 10th, at 10:00 a.m. Pacific Standard Time.

6             THE DEFENDANT:  Got it.

7             THE COURT:  Okay.  Thank you.

8             Can the courtroom deputy please swear Mr. Dennison

9    for his release conditions?

10            THE COURTROOM DEPUTY:  Yes, your Honor.

11            Mr. Dennison, can you please raise your right

12   hand.

13            Do you solemnly swear that you will well and truly

14   follow the conditions of your release as set forth by the

15   Court, so help you God?

16            THE DEFENDANT:  Yes.  Yes.  Without prejudice.

17            THE COURT:  Thank you.

18            Mr. Dennison is released on the conditions as

19   stated, and we'll get a written order out that lists those

20   conditions.  I went over the warnings about violating

21   conditions when we had the hearing earlier this afternoon.

22   And then the request of appointment of counsel will be

23   addressed by -- or self-representation will be addressed by

24   Judge McFadden.

25            And the next hearing before Judge McFadden is this

1    Thursday morning -- let me open that -- 10:00 a.m. Eastern

2    time, February the 9th, by Zoom.

3            Mr. Yette, did the Government have anything

4    further for the Court regarding Mr. Dennison's case?

5            MR. YETTE:  We just would ask that the speedy

6    trial clock be tolled for the next couple of days till the

7    next hearing, your Honor.

8            THE COURT:  Thank you.

9            Mr. Eaton, any objection or a position from the

10   defense on two days' speedy trial or three days' speedy

11   trial -- two days' speedy trial tolling?

12           MR. EATON:  No objection, your Honor.

13           THE COURT:  Okay.  Thank you.

14           I will exclude the time between today and

15   February 9th, 2023, from any calculation under the Speedy

16   Trial Act.  I find this two-day exclusion of time best

17   serves the ends of justice and outweighs the interest of the

18   public and the Defendant in a speedy trial, as it's only two

19   days, but it takes into account the delays that we've had in

20   bringing criminal cases to trial as a result of the COVID

21   virus pandemic and also will provide time for the question

22   of representation to be resolved by the presiding district

23   judge.  And until that gets resolved, we'll [indiscernible]

24   proceed substantively with the case.

25           Anything else from the defense?

1            MR. EATON:  No, your Honor.  Thank you.

2            THE COURT:  Okay.  Thank you.

3            That concludes this matter.

4            Counsel, Mr. Dennison, Pretrial, you're all

5     excused.  Thank you.  Have a good afternoon.

6            MR. EATON:  Thank you, your Honor.

7            THE PRETRIAL SERVICES OFFICER:  Thank you, your

8     Honor.

9            (Proceedings concluded.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                            **<u>CERTIFICATE</u>**

2

3                I, LISA EDWARDS, RDR, CRR, do hereby

4    certify that the foregoing constitutes a true and accurate

5    transcript of my stenographic notes, and is a full, true,

6    and complete transcript of the proceedings produced to the

7    best of my ability.

8

9

10               Dated this 22nd day of October, 2024.

11

12          <u>/s/ Lisa Edwards, RDR, CRR</u>
            Official Court Reporter
13          United States District Court for the
              District of Columbia
14          333 Constitution Avenue, Northwest
            Washington, D.C. 20001
15          (202) 354-3269

16

17

18

19

20

21

22

23

24

25